UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR WANGUL, | ) | Case No. 1:07 CV 190 |
| | ) | |
| Petitioner, | ) | Judge John R. Adams |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| TED STRICKLAND, | ) | (Regarding ECF #5) |
| | ) | |
| Respondent. | ) | Magistrate Judge James S. Gallas |
| | ) | |

On January 23, 2007, Victor Wangul filed a petition under 28 U.S.C. §2254 naming Governor Ted Strickland as respondent.  In its petition he argues to overturn his state conviction and sentence for theft despite his guilty plea because allegedly he was denied his rights to trial on due process as guaranteed by the Sixth and Fourteenth Amendments when the trial court denied his motion to withdraw his guilty plea.  Wangul has exhausted his state remedy with respect to this ground.  See *State v. Wangul*, 2005 WL 628237, 2005 - Ohio - 1175 (Ohio App. 8 Dist.), appeal not allowed, 106 Ohio St.3d 1507, 833 N.E.2d 1249, 2005 - Ohio - 4605 (Table), *cert. denied*, 546 U.S. 1153 (2006).  The barrier to federal collateral review is that by the time he exhausted his state remedies, he was no longer "in custody" on the underlying state conviction.

Respondent, Governor Ted Strickland, moves for dismissal as a party because he is not a proper custodial respondent and, alternatively, to dismiss the case for lack of jurisdiction because Wangul is neither in custody nor subject to future custody.  In his motion to dismiss, respondent provided a certificate of incarceration establishing that Wangul was incarcerated on November 29, 2000 on his November 28, 2000 theft conviction, released on "regular parole" on July 21, 2003, and

1:07CV190                                          2

on July 22, 2004 was given final release (See Exhibit to motion to dismiss).  Add to this Wangul has

left a blank space on his petition where the place of confinement is to be filled in and nowhere

claims in his petition to be under the supervision of the Ohio Adult Parole Authority or other

custodial authority.


The rule is that the sole proper respondent is the person with the ability to produce the

petitioner's body before the habeas court.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct.

2711, 159 L.Ed.2d 513 (2004).  But for exceptions, where an American citizen is detained outside

the territorial jurisdiction of the district court, the "immediate custodian rule" applies. *Id*., 542 U.S.

at 435-36 & n 9.  A common example of which is a prison warden and not a "remote supervisory

official" such as the Attorney General.  *Rumsfeld*, 542 U.S. at 435; *Roman v. Ashcroft*, 340 F.3d 314,

319-20 (6th Cir. 2003).


In the subtextual notes in *Rumsfeld,* Chief Justice Rhenquist and Justice Stevens debated the

significance of the Supreme Court's earlier decision in *Garlotte v. Fordice*, 515 U.S. 39, 115 S.Ct.

1948, 132 L.Ed.2d 36 (1995), where Kirk Fordice, Governor of Mississippi, was named as

respondent.  Justice Stevens cited *Garlotte* as demonstrating that the "immediate custodian rule" had

not been "strictly applied," but Chief Justice Rhenquist more correctly noted that the proper

custodian issue was not addressed in *Garlotte* and further that it was distinguishable since it

involved review of an expired sentence.  See *Rumsfeld*, 542 U.S. at 450 n. 18 vs. 542 U.S. at 461

n. 4 (J. Stevens, dissenting). In light of *Rumsfeld*, however, any subsequent use of a state governor

as a state custodial respondent is dubious at best.

1:07CV190                                              3

Wangul's sentence had expired, however the situation in *Garlotte* is distinguishable because Wangul did not remain in continued state custody due to a consecutive state sentence which would be affected by a reversal of the expired state sentence.  Compare *Garlotte*, 515 U.S. at 46-47.  More importantly, Ohio's governor is certainly not an "immediate custodian" as required by *Rumsfeld*. Governor Strickland has no power to produce Wangul before the federal habeas court and this leads to the most important consideration which is the plain fact that Wangul was not in state custody at the time of his §2254 petition.  "For a federal court to have jurisdiction to grant a petition for writ of habeas corpus under §2254, a petitioner must be 'in custody pursuant to the judgment of a state court.'" *Steverson v. Summers*, 258 F.3d 520, 522 (2001); and see *Maleng v. Cook*, 490 U.S. 48, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989).  The issue of custody in this matter became moot while Wangul exhausted his state remedies.

### *CONCLUSION AND RECOMMENDATION*

Respondent's motion to dismiss should be granted not only for lack of a proper custodial respondent, but also because the federal court has no jurisdiction to entertain Wangul's §2254 petition.

s/James S. Gallas
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 29, 2008